NO. 07-09-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 16, 2009
_____

GREGORY LYNN PAYNE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 57,345-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Gregory Lynn Payne, acting *pro se*, appeals from the trial court's judgment finding him guilty of injury to a child with intent to cause bodily injury, enhanced by a prior felony. Finding appellant's notice of appeal is untimely, we dismiss the appeal for want of jurisdiction.

On June 10, 2009, after a jury trial, appellant was sentenced to imprisonment for a term of seven years. On the same day, the trial court certified that appellant had the right of appeal. However, appellant did not file his notice of appeal until September 8, 2009.

In a criminal case, the Texas Rules of Appellate Procedure require notice of appeal from a judgment of conviction to be filed within 30 days after the day sentence is imposed or suspended in open court or within 90 days after that date if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2. Only a timely notice of appeal invokes the jurisdiction of the court of appeals. *State v. Riewe,* 13 S.W.3d 408, 411 (Tex.Crim.App. 2000); *Slaton v. State,* 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). If appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. *Olivo v. State,* 918 S.W.2d 519 (Tex.Crim.App. 1999)*; Slaton,* 981 S.W.2d at 210; *Stumpf v. State,* 2001 WL 1566655 (Tex.App.–Amarillo 2001, no pet.) (not designated for publication).

The clerk's record has been filed in this appeal. It contains no motion for new trial. Appellant's notice of appeal therefore was due 30 days after his sentencing. Because appellant did not file a timely notice of appeal, we lack jurisdiction to consider his appeal.[1] Accordingly, it is dismissed for want of jurisdiction.


James T. Campbell
Justice


Do not publish.

---

[1] Correspondence provided by appellant makes reference to an out-of-time appeal. Permission for such a late appeal must be granted by the Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07 (Vernon 2007).